**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

JEAN MAYER                                                                                       PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 2:07CV46-SA-SAA

FUTURE ELECTRONICS GP CORP., AND
FUTURE ELECTRONICS DISTRIBUTION CENTER, LP                   DEFENDANTS

**ORDER ON MOTION IN LIMINE**

Defendant, Future Electronics Distribution Center, LP ("Defendant") brings forth this Motion in Limine [68] seeking to exclude certain evidence.

1. **Any reference to the fact that Defendant filed this Motion in Limine or to any ruling by the Court in response to this Motion**

    The Plaintiff does not dispute the Defendant's request, and therefore, the Court agrees and grants this motion to exclude the aforementioned evidence.

2. **Any reference to the failure to call witnesses to testify in the present action or any reference, comment, or speculation on the substance of the testimony of the absent witness**

    "[T]he Fifth Circuit found that the uncalled witness rule has 'no place in cases governed by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.'" Parks v. Miss. Dept. of Transp., No. 1:04CV240, 2006 WL 2973232, at *2 (N.D. Miss. Oct. 16, 2006) (citing Hebert v. Walmart, 911 F.2d 1044, 1047 (5th Cir. 1990)). However, the inference may be drawn against a party who has exclusive control over a material witness or who is peculiarly within its power to produce. Herbert, 911 F.2d at 1049. Regarding the above request, the Court's exclusion of this evidence would be

premature, as the Court is unaware of any specific witness to which the Defendant or Plaintiff is referring. Therefore, the motion limine is denied.

3. **Any reference to the fact that Defendant has filed a motion for summary judgment or other similar motions or that the Court has granted or denied the same.**

    The Plaintiff does not dispute the Defendant's request, and therefore, the Court agrees and grants this motion to exclude the aforementioned evidence.

4. **Any testimony, documents, or evidence regarding whether Defendant was or was not insured against any damages claimed by Plaintiff, or any reference during voir dire regarding jurors' connection to the insurance industry, as such interjects the implications of insurance into the suit.**

    The Court grants this request to the extent excludable under the Rules of Evidence. However, if evidence of insurance is offered for another purpose, such as proof of agency, ownership, control, bias or prejudice of a witness, the evidence may be admissible. In sum, the Court will not grant a blanket exclusion of evidence involving insurance.

5. **Any reference to the financial condition, wealth, or net worth of the Plaintiff or Defendant produced solely to show the disparity in wealth or financial assets between Plaintiff and Defendant.**

    The Court grants the motion in limine as specifically stated. However, the Plaintiff may bring forth evidence of financial condition if punitive damages are warranted.

6. **Any interjection into the case that Defendant is represented by "big city lawyers" or any similar reference thereto.**

The Court grants the motion in limine as above stated.

7. **Any anecdotal testimony or evidence from employees or former employees of Defendant that they or others have experienced discrimination at Future Electronics Distribution Center LP.**

    At this juncture, the Court cannot generally exclude anecdotal testimony from employees or former employees. Anecdotes about other employees are not probative of whether Plaintiff's disability was a determinative factor in the plaintiff's discharge unless those employees are similarly situated to the plaintiff. Wyvill v. United Companies Life Ins. Co., 212 F.3d 296, 302 (5th Cir. 2000). The Court cannot conclude at this juncture whether or not the anecdotes the Plaintiff intends to introduce involve similarly situated employees. Thus, at this time, the motion in limine is denied.

8. **Any reference to parties' settlement negotiations.**

    The Plaintiff does not dispute the Defendant's request, and therefore, the Court agrees and grants this motion to exclude the aforementioned evidence.

9. **Any testimony regarding Plaintiff's allegedly hostile work environment or discrimination suffered by Mayer prior to obtaining a position in customer service.**

    The Court denies this request for the reasons mentioned in its memorandum opinion denying summary judgment. To reiterate, untimely charges may still constitute relevant background evidence in the proceeding in which a current practice is at issue. Rutherford v. Harris County, Tex., 197 F.3d 173, 186 (5th Cir. 1999) (citing United Air Lines Inc. v. Evans, 431 U.S. 553, 558, 97 S. Ct. 1885, 52 L. Ed. 2d 571 (1977)).

So **ORDERED**, this the 29th day of October, 2008.

                                                         **/s/ Sharion Aycock_____**
                                                         **U.S. DISTRICT COURT JUDGE**